## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICKEY G. MARKS,

    Petitioner,

v.

SAM CLINE,

    Respondent.

Case No. 5:18-CV-03065-HLT

## MEMORANDUM AND ORDER

Petitioner Rickey G. Marks, a prisoner in the custody of the State of Kansas, brings this amended petition for federal habeas corpus relief under 28 U.S.C. § 2254.[1] Doc. 9. Because the stated grounds are unexhausted, defaulted, or not meritorious, the Court dismisses in part and denies in part Marks's petition and declines to issue a certificate of appealability.

### I.  BACKGROUND

On October 11, 2008, Rozeta Marks was stabbed eight times in her chest, arm, and back while driving to a store with her husband. According to a medical examiner, Rozeta's wounds were on the left side of her body, and the fatal stab entered between her ribs and into her heart. Marks was charged with and convicted of first-degree premeditated murder.

At trial, Rozeta's friend testified that Rozeta had visited her in Tennessee a few weeks before the stabbing and during the visit Marks called Rozeta approximately 60 times, accused her of infidelity, and stated that she was "dead" when she returned. During the visit, Rozeta filed for divorce. The friend further testified that when Rozeta returned home, Rozeta texted her: "He don't

---

[1] The Court recognizes that Marks is proceeding pro se and therefore "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

believe that I'm getting a divorce. Keep begging PLEASE DON'T[.] GIVE ME ANOTHER CHANCE."

Sometime after returning home, Marks and Rozeta drove to the house of Marks's brother, Reginald, to pick up some tools to return to the store. Reginald testified that Marks did not act agitated and Rozeta waived from the car. Approximately 15-20 minutes after they left, Marks's other brother, Stephen, yelled to Reginald to dial 911. Stephen testified that he saw Rozeta stagger down the street, look "wobbly," and fall down. He testified that Rozeta told him she had been stabbed, and Stephen saw Marks drive off "kind of fast" in her car.

Several witnesses testified that shortly after the stabbing, Marks telephoned them saying he had stabbed Rozeta. Marks was arrested later that day at a sandwich shop and taken to the hospital. At the trial, Marks testified in his own defense. He testified that he and Rozeta had a heated argument after leaving Reginald's house, and Rozeta drew a knife from under the seat. He stated that she raised the knife like she was going to stab him, the two tussled, she lunged at him, and "this happened." Marks testified that Rozeta then exited the car, began walking, and refused to get back into the car so Marks could take her to the hospital. He stated that, when she would not return, he got in the driver's seat and drove away.

During deliberations, the jury submitted a question related to premeditation. The trial court referred the jury to the instructions. The jury convicted Marks of first-degree premediated murder. He was sentenced to life in prison with a minimum confinement of 25 years.

Marks took a direct appeal to the Kansas Supreme Court ("KSC"), alleging four trial errors: (1) the prosecutor committed misconduct during closing argument, (2) the trial court erred when it denied his motion in limine to exclude evidence that his wife filed for divorce in the weeks before her murder, (3) the district attorney's open file discovery policy violated Kansas statutes,

and (4) cumulative error. Although the KSC held that the prosecutor misstated the law on premeditation during closing argument and that Marks was entitled to copies of discovery under Kansas law, it found both errors were harmless and affirmed his conviction. *State v. Marks*, 298 P.3d 1102 (Kan. 2013).

Marks next filed a petition for post-conviction relief under K.S.A. § 60-1507, raising nine issues. The trial court appointed counsel to represent Marks and later held a full evidentiary hearing. Marks's counsel argued only two of those issues at the hearing, but Marks requested that all nine be preserved for appeal. So the trial court addressed, and denied, all nine issues. Marks then appealed to the Kansas Court of Appeals ("KCOA"). The KCOA noted that several arguments that were not addressed in the trial court's order were now being presented. The KCOA held that it was precluded from hearing the new arguments and addressed the preserved arguments, which included (1) whether the trial court should have granted Marks's motion to substitute counsel, (2) whether trial counsel's performance amounted to ineffective assistance of counsel in failing to investigate Rozeta's past, and (3) whether trial counsel's performance amounted to ineffective assistance of counsel in failing to present the defense of voluntary intoxication. After review, it affirmed the trial court's judgment. *Marks v. State*, 395 P.3d 848 (Kan. Ct. App. 2017) (unpublished). The KSC denied review in February 2018.

On March 19, 2018, Marks filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state-court conviction on multiple grounds.

## II. STANDARD

This petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a petitioner must timely bring a petition and must have exhausted his federal claims in state court. 28 U.S.C. §§ 2244(d)(1), 2254(b)(1)(A). If those prerequisites are

satisfied, then the standard of review hinges on the treatment of the claim by the state court. *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001).

If the state court denies a federal claim based on a separate state procedural deficiency, the federal court does not reach the merits of the claim at all unless (1) the state ground for the decision was not adequate and independent of federal law or (2) the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. *Id.* at 976.

If the state court did not reach the merits of a federal claim and review is not barred by an adequate and independent state procedural disposition, the federal court reviews the claim on the merits. *Id*. at 975.

Finally, if a state court denies a federal claim on the merits, the federal court may grant relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also McCracken*, 268 F.3d at 975.

## III.  ANALYSIS

Although Marks asserts numerous grounds for relief, the Court groups them into the following categories: (1) structural error related to the state prosecutor's argument to the jury on premeditation, (2) ineffective assistance and prosecutorial misconduct related to his cell phone and clothing, (3) ineffective assistance related to the victim's past, and (4) ineffective assistance and denial of the right to counsel related to his trial attorney's communications with him.

### A.  Claim of Structural Error Related to Premeditation

Marks asserts that the state prosecutor committed structural error by arguing to the jury that Marks could premeditate the homicide in the middle of committing the homicide. He contends

this statement effectively lowered the state's burden of proof by allowing the jury to presume premeditation if they concluded that Marks acted intentionally. Because Marks did not raise this issue at the state level, this claim is unexhausted.

Specifically, on direct appeal, Marks argued a <u>trial</u> error. He contended that the prosecutor engaged in prosecutorial misconduct when she argued during closing arguments that intent can be formed during the act. *Marks*, 298 P.3d at 1111-12. The KSC analyzed this issue and concluded that the prosecutor engaged in misconduct. But the KSC held that the state met its burden to show beyond a reasonable doubt that the misconduct did not affect the trial's outcome because the jury was properly instructed and the state presented more than enough evidence of premeditation. The KSC concluded the misconduct did not warrant reversal because it was <u>harmless</u>. *Id.* at 1107.

In his federal petition, Marks does not assert a <u>trial</u> error. Instead, he contends that the state prosecutor's argument to the jury on premeditation constitutes <u>structural</u> error. This is a different argument and is subject to a different analytical framework. Specifically, a trial error is generally subject to a harmless-error analysis. *Malicoat v. Mullin*, 426 F.3d 1241, 1249-50 (10th Cir. 2005) (noting that "most errors can be harmless"). But a structural error, which occurs in a very limited class of cases, is a fundamental deficiency in the trial process and is not subject to a harmless-error analysis. *Id.* (stating that examples of structural errors include "the total deprivation of the right to counsel at trial, a biased presiding judge, the systematic exclusion of members of the defendant's own race from a grand jury, the denial of the right to self-representation at trial, the denial of the right to a public trial, the denial of the right to have a district judge (rather than a magistrate judge) preside over jury selection, and a defective reasonable doubt instruction).

Understanding this distinction, Marks failed to exhaust his claim of structural error. On direct appeal, he challenged the state prosecutor's comments and argued that her comments were

inappropriate and prejudicial, constituted plain error, and were not harmless. He never alluded to structural error and any argument that he attempted to assert structural error is foreclosed by his argument to the KSC that the state prosecutor's comments were not harmless. Although the difference between a trial error and structural error is merely one of degree, the fact remains that Marks failed to give the KSC fair notice of his structural error argument. The Court finds that his structural error claim is unexhausted. *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (explaining that a federal court cannot grant a habeas petition unless the petitioner exhausted his claims in state court and referring to such unexhausted claims as an "anticipatory procedural bar").

Although the Court may consider unexhausted claims in limited situations, Marks fails to make the required showing. Specifically, a federal court may consider an unexhausted claim when the petitioner shows: (1) cause for failing to raise the claim to the state court and resulting prejudice, or (2) a fundamental miscarriage of justice because he has made a credible showing of actual innocence. *Id.* Marks does not make either showing. He does not identify any cause for failing to raise the claim in state court, and he does not produce reliable evidence to show actual innocence.[2] The Court, accordingly, dismisses this claim.

### B. Claims of Ineffective Assistance and Prosecutorial Misconduct Related to His Cell Phone and Clothing

Marks next asserts a multitude of claims based on the seizure of his cell phone and clothing. Marks failed to raise these arguments to the trial court during his state habeas proceedings, and the KCOA determined that this failure precluded it from hearing these arguments on his habeas appeal. Marks now asks this Court to entertain those arguments. But the Court is precluded from such

---

[2] Even if the Court considered this claim, Marks would not be entitled to relief. Marks has not identified any case law suggesting that the isolated comment by the state prosecutor rises to a structural error warranting relief. And the Court does not discern the vague comment as a fundamental deficiency in the trial process, particularly when the jury was properly instructed on the meaning of premeditation and the body of evidence is robust.

action because it cannot review a state court decision that rests on a state law ground that is independent of the federal question and adequate to support the judgment.

Specifically, Marks asserts the following arguments related to the seizure of his clothes and cell phone:

> (1) his trial counsel was ineffective by failing to investigate the case and so failed to learn that his cellphone and clothing were seized in violation of the Fourth Amendment;
>
> (2) his trial counsel was ineffective by failing to move to suppress the illegally seized evidence;
>
> (3) his trial counsel was ineffective for failing to contemporaneously object to the illegally seized evidence when it was presented to the jury;
>
> (4) counsel on direct appeal was ineffective for failing to raise the illegal seizure; and
>
> (5) the state violated Marks's due process rights by introducing the illegally seized evidence.

Although he raised these arguments to the KCOA on his state habeas appeal, the KCOA determined it was precluded from hearing arguments related to his cell phone and clothing. *See generally Marks*, 395 P.3d at *3-4. The KCOA noted the well-accepted rule that issues not raised before the trial court cannot generally be raised for the first time on appeal absent exceptional circumstances. *Id.* at *4. It then determined that Marks failed to raise the arguments concerning his cell phone and clothing in his state habeas petition or at the evidentiary hearing before the trial court. *Id.* (stating that "we can say with confidence that the arguments based on the new set of factual assertions . . . are being raised for the first time on appeal" and "were not raised in [his petition] nor were they raised at the trial court's evidentiary hearing on the same"). The KCOA determined that Marks had "done nothing to show exceptional circumstances excusing his failure"

7

and concluded that it was "precluded from hearing the arguments pertaining to the contested evidence—the cell phone and clothing." *Id.*

This Court is likewise precluded from reviewing Marks's claims pertaining to his cell phone and clothing. In the habeas context, a federal court may not consider issues "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken*, 268 F.3d at 976 (citation omitted). To be independent, the state procedural ground must rely "on state law, rather than federal law, as the basis for decision." *Id.* (citation omitted). To be adequate, the state procedural ground "must have been firmly established and regularly followed when the purported default occurred." *Id.* (citation omitted).

Here, the KCOA determined that it was precluded from hearing arguments related to the cell phone and clothing because Marks failed to raise the issue before the trial court. This ruling is based on Kansas's procedural rule barring litigation of issues raised for the first time on appeal absent exceptional circumstances, which rule is recognized by the KSC. *See State v. Kelly*, 318 P.3d 987, 993 (Kan. 2014). This rule is an independent and adequate ground barring review of Marks's instant claims. Although Marks attempts to argue that the KCOA's ruling is interwoven with its merits holding, the Court disagrees. The KCOA unequivocally found that Marks's failure to raise his claims in his state habeas petition precluded it from considering them on the merits.[3]

Because these claims are defaulted, the Court may consider them only if Marks demonstrates cause and prejudice or a fundamental miscarriage of justice. *McCracken*, 268 F.3d

---

[3] Marks also argues that states are not free to create jurisdictional rules for the purpose of avoiding addressing a prisoner's claim that his constitutional rights have been violated, citing *Haywood v. Drown*, 556 U.S. 729 (2009). *Haywood* is inapposite. There, the Supreme Court held that states cannot divest their courts of general jurisdiction from hearing federal claims. *Id.* at 740. The rule barring consideration of claims defaulted in state court for failing to follow its procedural rules remains intact. *See Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017).

at 976. Marks does neither. He offers no cause for failing to raise these claims in his written petition (and, even if he did, he does not demonstrate prejudice), and he likewise fails to produce reliable evidence to show actual innocence. *See, e.g.*, *Marks*, 395 P.3d at *5 (rejecting argument *arguendo* and noting the overwhelming evidence against him). Accordingly, the Court is precluded from reviewing these claims.[4,5]

### C. Claim that Trial Counsel was Ineffective for Failing to Investigate the Victim's History of Violence

In his third point, Marks argues that his trial counsel was constitutionally ineffective for failing to investigate Rozeta's history of violence, which Marks claims included a prior boyfriend stabbing. He argues that her propensity for acts of violence involving a knife was relevant to his theory of defense—that he acted in self-defense or merely committed voluntary manslaughter.[6] Marks contends he was prejudiced by the omission of this evidence because he was the only witness to the homicide.

Marks raised this claim in his state habeas petition and the KCOA denied in on the merits. Thus, this Court must determine whether the KCOA's decision on this issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see*

---

[4] Even if the Court overlooked the procedural bar and considered the claims on the merits, the Court is not persuaded Marks would be entitled to habeas relief. For the ineffective assistance claims, Marks fails to show deficient performance or prejudice given that search incident to arrest is a well-recognized exception to the warrant requirement and the likelihood of inevitable discovery. On the prosecutorial misconduct claims, Marks fails to show the state prosecutor's knowledge or prejudice.

[5] Marks argues pursuant to 28 U.S.C. § 2254(d)(2) that the KCOA made an unreasonable determination of the facts in finding that any errors could not overcome the strength of the evidence. But the Court cannot consider the argument because it is procedurally barred. Regardless, the Court agrees with the KCOA that the evidence was overwhelming. The cell phone and clothes chiefly corroborated the other evidence, adding but little.

[6] His traverse in this action states that "[t]his is a case of voluntary manslaughter, not premeditated murder, and [his] testimony to that effect is uncontroverted." Doc. 36 at 5.

*also McCracken*, 268 F.3d at 975. After review, the Court finds the KCOA's decision was neither contrary to or an unreasonable application of clearly established law nor based on an unreasonable determination of the evidence. Thus, the Court denies this claim.

Specifically, the KCOA correctly identified the clearly established federal law, which is the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). *Marks*, 395 P.3d at *7. This test requires a claimant to demonstrate that (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687.

And the KCOA reasonably applied that law based on a reasonable determination of the facts in light of the evidence presented in the state court proceeding. *Marks*, 395 P.3d at *8-10. The KCOA initially determined that Marks failed to establish deficient performance. The KCOA recognized that Marks alleged in his state habeas petition that he asked trial counsel to have an investigator do a background check on Rozeta because it would show that she had used a knife in a past act of violence, but it also noted that he offered no other evidence of the conversation or of Rozeta's violent past. *Id.* It then recounted trial counsel's testimony at the habeas evidentiary hearing, which testimony indicated that trial counsel was not aware of any such issues, didn't recall that conversation, and had no indication of such a conversation in his notes or records. *Id.* at *9. Based on this evidence, the KCOA stated that "we cannot say for sure whether [trial counsel] had knowledge of [Rozeta's] alleged history of violence" and, furthermore, "we cannot say for sure whether such history of violence actually exists." *Id*. It ultimately concluded that there was no deficient performance because trial counsel "cannot be said to have failed to <u>reasonably</u> investigate something that he had no knowledge of to begin with" and "we certainly cannot say that [trial

counsel] failed to reasonably investigate something that we cannot reasonably say exists." *Id.* This conclusion is reasonable.

Although unnecessary, the KCOA also evaluated prejudice and determined that Marks had not demonstrated it. The KCOA noted that, even assuming deficient performance, the alleged evidence was from the 1990s, "which means it would have been at least 9 and as many as 18 years old at the time of trial." *Id.* at 10. It also noted that Marks conceded Rozeta had never been violent with him. Based on these facts, the KCOA concluded that Marks had not shown prejudice because he failed to establish that such evidence—given the remoteness in time and the fact that she was not violent with him—would have been relevant and admissible. *Id.* Again, this conclusion is reasonable.

In sum, the KCOA denied this claim on the merits. So the Court reviews it through the deferential lens of the AEDPA.[7] The Court finds that the KCOA's resolution of the ineffective assistance claim was in accord with *Strickland* and that Marks has not shown the decision was based on an unreasonable determination of the facts.[8] Thus, the Court denies this claim because Marks fails to satisfy 28 U.S.C. § 2254(d)(1) or (d)(2).

D. **Claim of Ineffective Assistance and Denial of Right to Counsel Related to His Trial Attorney's Communications with Him**

In his final point, Marks explains that his trial counsel met with him in thirty-minute segments for a total of less than five hours before trial and contends this fact gives rise to two claims: (1) the trial court violated his Sixth Amendment right to counsel by refusing to give him

---

[7] Federal court review of state court decisions on ineffective assistance of counsel claims is described as "doubly deferential" because the reviewing court applies "the deferential lens of § 2254(d)" to the state court's "highly deferential" *Strickland* review of counsel's performance. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

[8] This is especially so considering that Marks's petition before this Court all but admits that he never told counsel about Rozeta's violent history. *See* Doc. 9 at 6 (arguing trial counsel was ineffective for failing to communicate, which "left counsel without crucial information regarding the victim's violent past"). To this day, Marks has produced no evidence of her violent history.

substitute counsel once Marks informed it of a breakdown in the attorney-client relationship; and (2) his trial counsel was constitutionally ineffective because his communication was not commensurate with the charge. The Court analyzes each issue.

1.  **Substitution of Trial Counsel**

Marks raised this issue in his state habeas petition, and the KCOA denied it on the merits. Thus, the Court analyzes this claim under the deferential standard outlined in 28 U.S.C. § 2254(d)(1)-(2). Because the KCOA applied the correct law and reasonably applied that law to the facts, the Court denies this claim.

Specifically, the KCOA applied a standard that conforms to federal precedent. The KCOA noted that substitution of counsel is warranted when a defendant shows "justifiable dissatisfaction" with counsel and that "justifiable dissatisfaction" may be demonstrated by showing "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communications between the defendant and his or her appointed attorney." *Marks*, 395 P.3d at *6 (internal quotations and citation omitted). This is consistent with federal law. *See United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) ("To warrant substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." (citation omitted)).

And the KCOA reasonably applied this law to the facts. It noted that Marks's assumption that trial counsel was only working on his case when he was visiting Marks was directly refuted by trial counsel's testimony that he worked on the case at his office and home. *Marks*, 395 P.3d at *7. The KCOA also recognized that trial counsel's testimony at the original hearing on Marks's motion to substitute counsel and his testimony at the evidentiary hearing on the state habeas petition both indicated that trial counsel was prepared for trial and willing to represent Marks. *Id.*

Finally, it recognized that trial counsel presented letters between him and Marks discussing specific pieces of evidence and trial strategy. *Id.* Based on these facts, the KCOA reasonably concluded that a "reasonable person would have taken the view of the trial court in denying Marks' motion to substitute counsel" and that the trial court did not abuse its discretion. *Id.* This is a reasonable conclusion.

The KCOA denied the claim on the merits. Its decision was not contrary to (or an unreasonable application of) clearly established federal. And its decision was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-(2). The Court denies this claim.

### 2. Ineffective Assistance by Trial Counsel

Marks finally contends that his trial counsel was constitutionally ineffective because his communication was not commensurate with the charge.[9] The KCOA considered, and denied, this claim on the merits. And this claim also fails under the deferential standards in 28 U.S.C. § 2254(d)(1) and (d)(2).

The KCOA again applied the two-part test in *Strickland* and concluded Marks failed both parts. *Marks*, 395 P.3d at *7-8. The KCOA noted that the evidence indicated that trial counsel "put real thought and attention into presenting a defense" and reiterated, for many of the same reasons discussed above, that the time trial counsel spent meeting with Marks "in no way indicates the true amount of preparation that [trial counsel] put into representing Marks." *Id.* at *8. And it highlighted Marks's state habeas counsel's remarks at the evidentiary hearing:

> I don't see where—it did not appear to this counsel anyway that [trial counsel]'s performance was in any way hindered or affected. It looked like he was very diligent, made many, many, many

---

[9] Respondent argues that Marks did not preserve this ineffective assistance argument. Although the challenge is not made as a stand-alone argument in Marks's § 60-1507 motion, the motion alludes to it. Marks raised the argument in his appeal, and the KCOA considered it. Therefore, the Court treats the challenge as exhausted and reviews the KCOA's determination under the AEDPA standards.

13

> objections on the record about the case and seemed to be very on top of the issues that he addressed.

*Id*. Based on this evidence, the KCOA stated:

> The preceding facts, paired with Marks' failure to point to real trial errors tied to the alleged lack of time [trial counsel] spent preparing, leads us to conclude that [trial counsel's] assistance was not ineffective. Marks' failure also shows that he did not meet his burden of proving that [trial counsel's] performance was deficient and that he was prejudiced by any such deficiency.

*Id.* This is a reasonable conclusion.

In sum, the Court finds that the KCOA decision conforms to federal precedent and that Marks has not shown the decision was based on an unreasonable determination of the facts. Thus, Marks fails to satisfy 28 U.S.C. § 2254(d)(1) or (d)(2), and the Court denies federal habeas relief.

### E. Certificate of Appealability

The rules governing 28 U.S.C. § 2254 petitions require a district court to issue or deny a certificate of appealability when entering an order adverse to the petitioner. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A district court will issue a certificate of appealability only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted). For the reasons stated above, the Court finds that Marks has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a certificate of appealability.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Marks's Amended Petition for Writ of Habeas Corpus (Doc. 9) is DISMISSED IN PART and DENIED IN PART.

THE COURT FURTHER ORDERS that a certificate of appealability is NOT ISSUED in this case.

IT IS SO ORDERED.

Dated: April 9, 2020

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE